RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82760
Marc A. Fenster, State Bar No. 181067
Brian D. Ledahl, State Bar No. 186579
Alexander C.D. Giza, State Bar No. 212327
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
SPH AMERICA, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPH AMERICA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RESEARCH IN MOTION, LTD.<br>D/B/A BLACKBERRY,<br><br>Defendant. | Case No. **'13CV2320 H    BLM**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff SPH America, LLC ("SPH" or "Plaintiff") makes the following allegations against Defendant Research In Motion, Ltd., d/b/a BlackBerry. ("BlackBerry" or "Defendant").

## I.  PARTIES

1. Plaintiff SPH America, LLC is a Virginia limited liability company having a principal place of business at 8133 Leesburg Pike, Suite 310, Vienna, Virginia 22182.

2. On information and belief, Defendant Research In Motion, Ltd. is a Canadian corporation, with its principal place of business located at 295 Phillip Street, Waterloo, Ontario, N2L 3W8, Canada.

## II.  JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due to having availed itself of the rights and benefits of California by engaging in activities, including: (i) conducting substantial business in this forum; and (ii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this Judicial District.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  On information and belief, Defendant has engaged in activities including: transacting business in this district and purposefully directing its business activities, including the sale of infringing goods, to this district.

# COUNT I

## INFRINGEMENT OF U.S. PATENT NO. RE 40,385

6. Plaintiff SPH realleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

7. Plaintiff SPH is the exclusive licensee of United States Patent No. RE 40,385 ("the '385 patent") titled "Orthogonal Complex Spreading Method For Multichannel And Apparatus Thereof."  The '385 patent was duly and legally issued by the United States Patent and Trademark Office on June 17, 2008.  SPH is the exclusive licensee, possessing all substantial rights, to the '385 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '385 patent.

8. On information and belief, BlackBerry makes and sells mobile handsets for use on a wireless network.

9. On information and belief, BlackBerry has infringed and continues to infringe the '385 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '385 patent.  Such unlicensed products include, by way of example and without limitation, the BlackBerry Q10, BlackBerry Z10, BlackBerry Bold 9930, BlackBerry Curve 9360, BlackBerry Curve 9315, and the BlackBerry Curve 9310, all of which are covered by one or more claims of the '385 patent, including but not limited to claim 31.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '385 patent, BlackBerry has injured SPH and is liable to SPH for infringement of the '385 patent pursuant to 35 U.S.C. § 271.

10. BlackBerry was placed on notice of its infringement of the '385 Patent no later than approximately October 29, 2009 as a result of a letter from

SPH to BlackBerry specifically identifying the '385 patent and informing Blackberry of its infringing conduct.

11. On information and belief, BlackBerry has also infringed the '385 patent by inducing others, including users of its wireless handsets, to infringe one or more claims of the '385 patent in violation of 35 U.S.C. § 271(b).

12. On information and belief, BlackBerry takes active steps to induce its customers to infringe the '385 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '385 patent. For example, and without limitation, on information and belief, BlackBerry advertises that customers can utilize mobile devices to communicate using its network services for 3G communications enabled pursuant to CDMA2000 technology or WCDMA technology. Since at least the time of the written communications in October 2009, BlackBerry has had actual knowledge of the '385 patent and that the use of products and services by its customers constituted direct infringement of the '385 patent. Despite this knowledge, BlackBerry has continued to offer its infringing products, to facilitate and encourage infringing use of its products, and to encourage its customers to use its products and services in a manner that infringes the '385 patent.

13. On information and belief, BlackBerry has also infringed the '385 patent by contributing to the infringement of others, including users of its handsets, to infringe one or more claims of the '385 patent in violation of 35 U.S.C. § 271(c).

14. On information and belief, BlackBerry sells devices that are a component of the patented invention of the '385 patent or an apparatus for use in practicing a patented process of the '385 patent and they are especially made or especially adapted for use in infringement of the '385 patent. In particular, the

mobile handsets sold and offered for sale by BlackBerry are apparatus for use in practicing one or more claimed processes of the '385 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '385 patent, including through use in communications using CDMA2000 technology or WCDMA technology.  BlackBerry sold these devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '385 patent.  BlackBerry was put on notice of the infringing nature of these goods since at least the time of SPH's written communications in October 2009.

15. BlackBerry undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '385 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of SPH's 2009 letter, BlackBerry has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '385 patent and that the '385 patent is valid.  Despite that knowledge, on information and belief, BlackBerry has continued its infringing activities.  As such, BlackBerry willfully infringed the '385 patent.

16. As a result of BlackBerry's infringement of the '385 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for BlackBerry's infringement, but in no event less than a reasonable royalty for the use made of the invention by BlackBerry, enhancement of damages due to BlackBerry's willful infringement, and interest and costs as fixed by the Court.

# COUNT II

## INFRINGEMENT OF U.S. PATENT NO. RE 40,253

17. Plaintiff SPH realleges and incorporates by reference paragraphs 1-16 above, as if fully set forth herein.

18. Plaintiff SPH is the exclusive licensee of United States Patent No. RE 40,253 ("the '253 patent") titled "Apparatus For Making A Random Access To the Reverse Common Channel Of A Base Station In CDMA And Method Therefor." The '253 patent was duly and legally issued by the United States Patent and Trademark Office on April 22, 2008. SPH is the exclusive licensee, possessing all substantial rights, to the '253 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '253 patent.

19. On information and belief, BlackBerry makes and sells mobile handsets for use on a wireless network.

20. On information and belief, BlackBerry has infringed and continues to infringe the '253 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '253 patent. Such unlicensed products include, by way of example and without limitation, the BlackBerry Q10, BlackBerry Z10, BlackBerry Curve 9360, and the BlackBerry Curve 9315, all of which are covered by one or more claims of the '253 patent, including but not limited to claim 34. By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '253 patent, BlackBerry has injured SPH and is liable to SPH for infringement of the '253 patent pursuant to 35 U.S.C. § 271.

21. BlackBerry was placed on notice of its infringement of the '253 Patent no later than approximately October 29, 2009 as a result of a letter form

1  SPH to BlackBerry specifically identifying the '253 patent and informing
2  BlackBerry of its infringing conduct.
3      22.   On information and belief, BlackBerry has also infringed the '253
4  patent by inducing others, including users of its wireless handsets, to infringe one
5  or more claims of the '253 patent in violation of 35 U.S.C. § 271(b).
6      23.   On information and belief, BlackBerry takes active steps to induce its
7  customers to infringe the '253 patent by taking affirmative steps to encourage and
8  facilitate direct infringement by others with knowledge of that infringement, such
9  as, upon information and belief, by importing, offering for sale, and/or selling
10 products and/or services that when used as intended infringe the '253 patent.  For
11 example, and without limitation, on information and belief, BlackBerry advertises
12 that customers can utilize its mobile devices for 3G communications enabled
13 pursuant to WCDMA technology.  Since at least the time of SPH's written
14 communication in October 2009, BlackBerry has had actual knowledge of the '253
15 patent and that the use of products and services by its customers constituted direct
16 infringement of the '253 patent.  Despite this knowledge, BlackBerry has
17 continued to offer its infringing products, to facilitate and encourage infringing use
18 of its products, and to encourage its customers to use its products and services in a
19 manner that infringes the '253 patent.
20     24.   On information and belief, BlackBerry has also infringed the '253
21 patent by contributing to the infringement of others, including users of its wireless
22 handsets, to infringe one or more claims of the '253 patent in violation of 35
23 U.S.C. § 271(c).
24     25.   On information and belief, BlackBerry sells devices that are a
25 component of the patented invention of the '253 patent or an apparatus for use in
26 practicing a patented process of the '253 patent and they are especially made or
27 especially adapted for use in infringement of the '253 patent.  In particular, the
28 mobile handsets sold and offered for sale by BlackBerry are apparatus for use in

practicing one or more claimed processes of the '253 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '253 patent, including through use in communications using WCDMA technology. BlackBerry sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '253 patent. BlackBerry was put on notice of the infringing nature of these goods since at least the time of SPH's written communication in October 2009.

26. BlackBerry undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '253 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid. Since at least the time of SPH's written communication in October 2009, BlackBerry has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '253 patent and that the '253 patent is valid. Despite that knowledge, on information and belief, BlackBerry has continued its infringing activities. As such, Huawei willfully infringed the '253 patent.

27. As a result of BlackBerry's infringement of the '253 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for BlackBerry's infringement, but in no event less than a reasonable royalty for the use made of the invention by BlackBerry, enhancement of damages due to BlackBerry's willful infringement, and interest and costs as fixed by the Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,443,906

28. Plaintiff SPH realleges and incorporates by reference paragraphs 1-27 above, as if fully set forth herein.

29.     Plaintiff SPH is the exclusive licensee of United States Patent No. 7,443,906 ("the '906 patent") titled "Apparatus and Method For Modulating Data Message by Employing Orthogonal Variable Spreading Factor (OVSF) Codes In Mobile Communication System."  The '906 patent was duly and legally issued by the United States Patent and Trademark Office on October 28, 2008.  SPH is the exclusive licensee, possessing all substantial rights, to the '906 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '906 patent.

30.     On information and belief, BlackBerry makes and sells mobile handsets for use on a wireless network.

31.     On information and belief, BlackBerry has infringed and continues to infringe the '906 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '906 patent.  Such unlicensed products include, by way of example and without limitation, the BlackBerry Q10, BlackBerry Z10, BlackBerry Curve 9360, and the BlackBerry Curve 9315, which are covered by one or more claims of the '906 patent, including but not limited to claim 14.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '906 patent, BlackBerry has injured SPH and is liable to SPH for infringement of the '906 patent pursuant to 35 U.S.C. § 271.

32.     BlackBerry was placed on notice of its infringement of the '906 Patent no later than approximately October 29, 2009 as a result of a letter from SPH to BlackBerry specifically identifying the '906 patent and informing BlackBerry of its infringing conduct.

33.     On information and belief, BlackBerry has also infringed the '906 patent by inducing others, including users of its wireless handsets to infringe one or more claims of the '906 patent in violation of 35 U.S.C. § 271(b).

34. On information and belief, BlackBerry takes active steps to induce its customers to infringe the '906 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '906 patent. For example, and without limitation, on information and belief, BlackBerry advertises that customers can utilize its mobile devices to communicate using 3G communications enabled pursuant to WCDMA technology. Since at least the time of SPH's written communication in October 2009, BlackBerry has had actual knowledge of the '906 patent and that the use of products and services by its customers constituted direct infringement of the '906 patent. Despite this knowledge, BlackBerry has continued to offer its infringing products, to facilitate and encourage infringing use of its products, and to encourage its customers to use its products and services in a manner that infringes the '906 patent.

35. On information and belief, BlackBerry has also infringed the '906 patent by contributing to the infringement of others, including users of its wireless handsets, to infringe one or more claims of the '906 patent in violation of 35 U.S.C. § 271(c).

36. On information and belief, BlackBerry sells devices that are a component of the patented invention of the '906 patent or an apparatus for use in practicing a patented process of the '906 patent and they are especially made or especially adapted for use in infringement of the '906 patent. In particular, the unlicensed mobile handsets sold and offered for sale by BlackBerry are apparatus for use in practicing one or more claimed processes of the '906 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '906 patent, including through use in communications using WCDMA technology. Huawei sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the

'906 patent. Huawei was put on notice of the infringing nature of these goods since at least the time of SPH's written communication in October 2009.

37.   BlackBerry undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '906 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid. Since at least the time of SPH's written communication in October 2009, BlackBerry has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '906 patent and that the '906 patent is valid. Despite that knowledge, on information and belief, Huawei has continued its infringing activities. As such, BlackBerry willfully infringed the '906 patent.

38.   As a result of BlackBerry's infringement of the '906 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for BlackBerry's infringement, but in no event less than a reasonable royalty for the use made of the invention by BlackBerry, enhancement of damages due to BlackBerry's willful infringement, and interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 5,960,029

39.   Plaintiff SPH realleges and incorporates by reference paragraphs 1-38 above, as if fully set forth herein.

40.   Plaintiff SPH is the exclusive licensee of United States Patent No. 5,960,029 ("the '029 patent") titled "Coherent Dual-Channel QPSK Modulator/Demodulator For CDMA Systems, And Modulating/Demodulating Methods Therefor." The '029 patent was duly and legally issued by the United States Patent and Trademark Office on September 28, 1999. SPH is the exclusive licensee, possessing all substantial rights, to the '029 patent pursuant to a license

from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '029 patent.

41. On information and belief, BlackBerry makes and sells mobile handsets for use on a wireless network.

42. On information and belief, BlackBerry has infringed and continues to infringe the '029 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '029 patent. Such unlicensed products include, by way of example and without limitation, the BlackBerry Q10, BlackBerry Z10, BlackBerry Bold 9930, BlackBerry Curve 9360, BlackBerry Curve 9315, and the BlackBerry Curve 9310, all of which are covered by one or more claims of the '029 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '029 patent, BlackBerry has injured SPH and is liable to SPH for infringement of the '029 patent pursuant to 35 U.S.C. § 271.

43. BlackBerry was placed on notice of its infringement of the '029 Patent no later than approximately October 29, 2009 as a result of a letter from SPH to BlackBerry specifically identifying the '029 patent and informing BlackBerry of its infringing conduct.

44. On information and belief, BlackBerry has also infringed the '029 patent by inducing others, including users of its wireless handsets to infringe one or more claims of the '029 patent in violation of 35 U.S.C. § 271(b).

45. On information and belief, BlackBerry takes active steps to induce its customers to infringe the '029 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '029 patent. For

example, and without limitation, on information and belief, BlackBerry advertises that customers can utilize its mobile devices to communicate using 3G communications enabled pursuant to CDMA 2000 technology or WCDMA technology. Since at least time of SPH's written communication in October 2009, BlackBerry has had actual knowledge of the '029 patent and that the use of products and services by its customers constituted direct infringement of the '029 patent. Despite this knowledge, BlackBerry has continued to offer its infringing products, to facilitate and encourage infringing use of its products, and to encourage its customers to use its products and services in a manner that infringes the '029 patent.

46. On information and belief, BlackBerry has also infringed the '029 patent by contributing to the infringement of others, including users of unlicensed wireless handsets, to infringe one or more claims of the '029 patent in violation of 35 U.S.C. § 271(c).

47. On information and belief, BlackBerry sells devices that are a component of the patented invention of the '029 patent or an apparatus for use in practicing a patented process of the '029 patent and they are especially made or especially adapted for use in infringement of the '029 patent. In particular, the unlicensed mobile handsets sold and offered for sale by BlackBerry are apparatus for use in practicing one or more claimed processes of the '029 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '029 patent, including through use in communications using CDMA2000 technology or WCDMA technology. BlackBerry sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '029 patent. BlackBerry was put on notice of the infringing nature of these goods since at least the time of SPH's written communication in October 2009.

48. BlackBerry undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '029 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid. Since at least the time of SPH's written communication in October 2009, BlackBerry has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '029 patent and that the '029 patent is valid. Despite that knowledge, on information and belief, BlackBerry has continued its infringing activities. As such, BlackBerry willfully infringed the '029 patent.

49. As a result of BlackBerry's infringement of the '029 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for BlackBerry's infringement, but in no event less than a reasonable royalty for the use made of the invention by BlackBerry, enhancement of damages due to BlackBerry's willful infringement, and interest and costs as fixed by the Court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 8,121,173

50. Plaintiff SPH realleges and incorporates by reference paragraphs 1-49 above, as if fully set forth herein.

51. Plaintiff SPH is the exclusive licensee of United States Patent No. 8,121,173 ("the '173 patent") titled "Apparatus And Method For Modulating Data Message By Employing Orthogonal Variable Spreading Factor (OVSF) Codes In Mobile Communicating System." The '173 patent was duly and legally issued by the United States Patent and Trademark Office on February 21, 2012. SPH is the exclusive licensee, possessing all substantial rights, to the '173 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '173 patent.

52. On information and belief, BlackBerry makes and sells mobile handsets for use on a wireless network.

53. On information and belief, BlackBerry has infringed and continues to infringe the '173 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '173 patent. Such unlicensed products include, by way of example and without limitation, the BlackBerry Q10, BlackBerry Z10, BlackBerry Curve 9360, and the BlackBerry Curve 9315, which are covered by one or more claims of the '173 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '173 patent, BlackBerry has injured SPH and is liable to SPH for infringement of the '173 patent pursuant to 35 U.S.C. § 271.

54. As a result of BlackBerry's infringement of the '173 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for BlackBerry's infringement, but in no event less than a reasonable royalty for the use made of the invention by BlackBerry, and interest and costs as fixed by the Court.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff SPH respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff SPH that BlackBerry has infringed, either literally and/or under the doctrine of equivalents, the '385 patent, the '253 patent, the '906 patent, the '029 patent and the '173 patent;

2. A judgment in favor of Plaintiff SPH that BlackBerry has induced infringement of the '385 patent, the '253 patent, the '906 patent and the '029 patent;

3. A judgment in favor of Plaintiff SPH that BlackBerry has contributed to the infringement of the '385 patent, the '253 patent, the '906 patent and the '029 patent;

4. A judgment in favor of Plaintiff SPH that BlackBerry has willfully infringed the '385 patent, the '253 patent, the '906 patent and the '029 patent;

5. A judgment and order requiring BlackBerry to pay Plaintiff SPH its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for BlackBerry's infringement of the '385 patent, the '253 patent, the '906 patent, the '029 patent and the '173 patent;

6. A judgment and order for treble damages pursuant to 35 U.S.C. § 284;

7. A judgment and order that this case is exceptional and requiring BlackBerry to pay Plaintiff SPH reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

8. Any and all other relief as the Court may deem appropriate and just under the circumstances.

### IV. DEMAND FOR JURY TRIAL

Plaintiff SPH requests a trial by jury of any issues so triable.

DATED: September 26, 2013

RUSS, AUGUST & KABAT
Larry C. Russ
Marc A. Fenster
Brian D. Ledahl
Alexander C.D. Giza

By: /s Brian D. Ledahl
Brian D. Ledahl
Attorneys for Plaintiff
SPH America, LLC